IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY as subrogee of EATON CORP., | CASE NO. 1:24-CV-0899 |
| Plaintiffs, | JUDGE DAN AARON POLSTER |
| v. | |
| TRANSPLACE TEXAS, L.P., | ORDER |
| Defendants. | |

I.     **Introduction**

On June 24, 2024, Defendant Uber Freight US LLC, formerly known as Transplace Texas, L.P. ("Defendant") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  ECF Doc. 6.  Plaintiff filed a response in opposition on July 19, 2024 (ECF Doc. 9), and Defendant filed a reply on August 5, 2024.  ECF Doc. 10.  For the reasons stated below, Defendant's motion to dismiss is **GRANTED**, in part, and **DENIED**, in part.

II.     **Background**

This is a subrogation case.  Plaintiff is attempting to recoup money it paid to its insured, Eaton Corporation, for a claim related to four battery cabinets reported as damaged upon arrival. Plaintiff alleges that the batteries were unusable, and Plaintiff paid Eaton's claim in the amount of $164,851.50.  Plaintiff's complaint alleges that Defendant Transplace Texas was responsible for shipping the four battery cabinets from C&C Power, Inc. in Illinois to CED Greentech in New Mexico.  Plaintiff has attached several documents to its complaint including the Transportation Agreement between subrogor, Eaton Corp., and Defendant, which identifies

1

Transplace Texas as a broker - not a carrier. ECF Doc. 1-16. Plaintiff has also attached two Bills of Lading, which identify Transplace Texas as the carrier. ECF Docs. 1-6 and 1-7.

Defendant argues it is entitled to dismissal because it was a broker, not a carrier. But this fact is not apparent from a review of the pleadings. Plaintiff's complaint alleges Defendant was a "broker, common carrier and/or bailee engaged in storage." ECF Doc. 1 at ¶ 9. And Plaintiff has attached documents to its Complaint identifying Defendant as both a broker and a carrier. ECF Doc. 1-16; ECF Docs. 1-6 and 1-7. Conversely, Defendant has not submitted any documentation showing that it was not the carrier in this case.[1]

### III. Defendant's Motion to Dismiss

#### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints alleging "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557. In

---

[1] During a telephone conference and in e-mail communication with the Court, Defendant has identified D&B Transport LLC as the carrier in this case. However, for purposes of ruling on a motion to dismiss, the Court's review is limited to the pleadings. *Lizard Apparel & Promotions, LLC v. Impact Design, LLC*, 2017 U.S. Dist. LEXIS 72325 at *9, (quoting *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011)).

2

addition, simply reciting the elements of a cause of action or legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

**B.     Analysis**

Plaintiff's complaint sets forth five causes of action: 1) negligence; 2) gross negligence; 3) breach of contract – Transportation Agreement; 4) breach of contract common carriage; and 5) violation of 49 U.S.C. § 14704.  On Plaintiff's negligence claims, the Court agrees with Defendant that the Federal Aviation Administration Act, 49 U.S.C. §145101(b) and (c)(1) ("the FAAAA"), preempts these claims.  *See, e.g., Lee v. Werner Enterprises, Inc.,* 2022 U.S. Dist. LEXIS 200848 (N.D. Ohio 2022); *Creagan v. Wal-Mart Transportation, LLC,* 354 F.Supp.3d 808 (N.D. Ohio 2018).    Moreover, Plaintiff's claims are based on the contract between its insured and Defendant, not a tort.  *See Wolfe v. Continental Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981).  In Ohio, the existence of a contract generally excludes a cause of action based upon the same conduct sounding in tort.  *Hanlin v. Ohio Builders & Remodelers, Inc*., 196 F. Supp. 2d 572, 584 (S.D. Ohio 2001).  Plaintiff's negligence claims are based on contract (not tort) and are preempted by the FAAAA.  For these reasons, the First and Second causes of action in Plaintiff's complaint are hereby DISMISSED.

Plaintiff's remaining claims depend on whether Defendant was a broker or a carrier.  On June 6, 2024, the Court conducted an early telephone conference during which Defendant stated that D&B LLC was the carrier, and it would likely bring it into the case.  Despite this assertion, Defendant has failed to do so.  During the last two and a half months of litigation, Defendant could have provided counsel with this information.  Instead, counsel has wasted the Court's time and resources by filing a 12(b)(6) motion when this critical issue is not apparent from the pleadings.  The documents attached to Plaintiff's complaint conflict – the Transportation

3

Agreement identifies Defendant as a broker, ECF Doc. 1-16 and the Bills of Lading identify Defendant as a carrier. ECF Docs. 1-6 and 1-7. Thus, this is an issue of fact, which can't be decided at the motion to dismiss phase.

Plaintiff's claims for breach of contract and violation of 49 U.S.C. § 14704 are dependent on whether Defendant is a broker or a carrier. If it is determined that Defendant is merely a broker, Plaintiff's claims likely lack merit because Defendant was not the carrier, and Plaintiff has not alleged facts that it first attempted to recoup its losses from the carrier – a prerequisite required by the Transportation Agreement between Plaintiff's insured and Defendant.

### IV. Conclusion

For the reasons stated herein, Defendant's motion to dismiss (ECF Doc. 6) is **GRANTED,** in part, and **DENIED**, in part. The Court GRANTS Defendant's motion to dismiss the First and Second causes of action and DENIES Defendant's motion to dismiss the Third, Fourth and Fifth causes of action in Plaintiff's complaint.

Dated: August 20, 2024                                                    *s/Dan Aaron Polster*
                                                                          United States District Judge