## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY as subrogee of EATON CORP., | ) ) ) | CASE NO. 1:24-cv-00899 |
| Plaintiff, | ) ) ) | JUDGE DAN AARON POLSTER |
| -vs- | ) ) ) | |
| TRANSPLACE TEXAS, L.P., | ) ) ) | **DEFENDANT/THIRD-PARTY PLAINTIFF'S COMPLAINT** |
| Defendant/Third Party Plaintiff, | ) ) ) | **(JURY DEMAND)** |
| -vs- | ) ) ) ) | |
| D&B TRANSPORT LLC c/o Alpha Registered Agent 4123 Joliet Avenue Lyons, Illinois 60534 | ) ) ) ) ) | |
| Third Party Defendant. | ) ) ) | |

Pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure, for its Third-Party Complaint against Third-Party Defendant D&B Transport LLC ("D&B"), Defendant/Third-Party Plaintiff Uber Freight US LLC formerly known as Transplace Texas, L.P. ("Transplace") states as follows:

1.     Transplace realleges the averments and denials set forth in its Answer and Affirmative Defenses to Plaintiff's Complaint.

2.      D&B is an interstate motor carrier of property, registered with the Federal Motor Carrier Safety Administration, with a principal place of business at 2200 West 159th Street, Suite 104 Markham, Illinois 60428.

3.      Transplace is a transportation broker and acted as a transportation broker with respect to the allegations and claims set forth in Plaintiff's Complaint.

4.      The allegations and claims set forth in Plaintiff's Complaint refer to a shipment (the "Shipment") for which D&B was the motor carrier.

5.      Transplace alleges, therefore that D&B is liable to Plaintiff for the allegations set forth in the Complaint.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in as much as there is complete diversity of citizenship between Transplace and D&B and because the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00).

7.      Jurisdiction is also proper to the extent Jurisdiction is proper in Plaintiff's action against Transplace pursuant to supplemental jurisdiction under 28 U.S.C. § 1367 as the actions alleged in this Third-Party Complaint involve the same case and controversy involved in the Plaintiff's Complaint.

8.      Jurisdiction is also proper to the extent Jurisdiction is proper in Plaintiff's action against Transplace pursuant to the ancillary jurisdiction power of this Court to settle controversies interwoven with an action properly within the jurisdiction of this Court.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) in as much as a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS AND BACKGROUND

10.    Transplace and D&B entered into an ongoing broker carrier relationship pursuant to the Agreement on December 21, 2021 (the "Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit 1.**

11.    Transplace, as transportation broker, identified in the Agreement as "BROKER," would tender shipments to D&B, as motor carrier, identified in the Agreement as "CONTRACTOR," for Transplace's customers.

12.    D&B, as motor carrier, would transport each shipment in accordance with the terms of the Agreement.

13.    Transplace paid D&B for services rendered.

14.    On or about July 14, 2022, pursuant to the Agreement, D&B picked up the Shipment of four battery cabinets (the "Goods," as described in the Complaint) in good condition from C&C Power in Carol Stream, Illinois.

15.    The Goods were to be delivered to CED Greentech ABS 0148 in Albuquerque, New Mexico.

16.    On or about July 22, 2022, the Goods were offered for delivery, at which time Plaintiff alleges that it was discovered that the Goods were damaged.

17.    Plaintiff instituted the instant action against Transplace on May 21, 2024, claiming damage to the Goods in the amount of $164,851.50.

18.    Transplace made a claim with D&B for the full amount of Plaintiff's claim.

19.    D&B refused to pay the claim.

20.    Section 4.1 of the Agreement provides for D&B's liability for claims such as Plaintiff's:

**4.1. Cargo Claims Liability Standards**…CONTRACTOR shall be liable as set forth in 49 U.S. Code §14706 (The Carmack Amendment) and applicable USA federal common law for loss of, damage (injury) to or delay in delivery of cargo transported pursuant to this Agreement, occurring while in the possession or under the control of CONTRACTOR or its interlined or subcontracted carrier(s), or resulting from CONTRACTOR'S performance or failure to perform the Service sunder this Agreement, irrespective of whether the value of the cargo has been declared to CONTRACTOR or its interlined or subcontracted carrier(s), and irrespective of where the loss, damage or delay occurs (in interstate, foreign, intrastate, domestic or transborder commerce originating at a point in and/or destined to a point in the United States or Canada).

21.    Section 5.1 of the Agreement requires D&B to indemnify, defend and hold harmless Transplace from claims such as Plaintiff's:

**5.1. Obligations**. CONTRACTOR shall indemnify, defend and hold harmless BROKER, its general partner and the Customer(s), and their respective directors, officers, employees and agents (individually "Indemnitee" and collectively "Indemnitees"), from and against any and all fines, penalties, losses, damages, injuries, expenses, costs (including reasonable attorneys' fees), claims, demands, liabilities, actions, and judgments ("Liability") for bodily injury to or death of any person (including injury to or death of any employee or agent of CONTRACTOR), or for loss of or damage to property (other than cargo covered by Article IV of this Agreement) including loss of use thereof, or for damage to the environment, or for cleanup or remediation of any leak, spill or contamination, resulting or arising directly or indirectly from the negligent act(s) or omission(s) of CONTRACTOR, its interlined or subcontracted carrier(s) or their respective employees or agents, or failure to discharge its duties and responsibilities as specified in this Agreement.

22.    Section 5.1 of the Agreement provides for payment of interest and attorney's fees as part of D&B's obligations to indemnify, defend and hold harmless Transplace.

## FIRST CAUSE OF ACTION
### *(Breach of Contract)*

23.    Transplace incorporates herein by reference all allegations, statements, denials and admissions contained in the previous paragraphs as if fully rewritten herein.

24.     Transplace and D&B entered into the Agreement on December 21, 2021.

25.     By signing the Agreement, Transplace and D&B entered into a valid, binding and enforceable contract.

26.     Transplace agreed to tender shipments to D&B for transportation.

27.     D&B agreed to transport shipments tendered by Transplace in accordance with the terms of the Agreement.

28.     The Goods were tendered to D&B for transportation from Illinois to New Mexico on or about July 14, 2022. Transplace did all, or substantially all, of the significant things that the Agreement required of it.

29.     The Goods were damaged in transit.

30.     Plaintiff filed this Complaint against Transplace for the damaged Goods, totaling $164,851.50.

31.     The Agreement requires D&B to defend, indemnify and hold Transplace harmless from claims such as the claim asserted by Plaintiff for damage to the Goods.

32.     As a result of Plaintiff's claim, Transplace made a claim with D&B for the and demanded that D&B defend, indemnify and hold Transplace harmless.

33.     D&B breached the Agreement by refusing to defend, indemnify and hold Transplace harmless from Plaintiff's claim.

34.     D&B refused and continues to refuse to pay Plaintiff's claim.

35.     As a result of D&B's breach, Transplace was harmed by D&B's refusal to defend, indemnify and hold Transplace harmless from Plaintiff's claim.

36.     D&B's breach of the Agreement was a substantial factor in causing Transplace harm.

Accordingly, to date, Transplace has sustained monetary losses and damages plus contractual interest, and all expenses, including attorneys' fees and costs, and any amounts spent defending Plaintiff's claim.

**OF COUNSEL:**

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

Respectfully submitted,

*/s/ Clare R. Taft*
ERIC LARSON ZALUD (0038959)
CLARE R. TAFT (0076570)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio  44114
Telephone:  (216) 363-4500
Facsimile:  (216) 363-4588
Email:   ezalud@beneschlaw.com
          ctaft@beneschlaw.com

*Attorneys for Defendant Uber Freight US LLC*
*(formerly known as Transplace Texas, L.P.)*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing was filed electronically on the 4th day of September

2024 in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent

to all parties by operation of the Court's Electronic Filing System.  Parties may access this filing

through the Court's Filing System.


*/s/Clare R. Taft*
Clare R. Taft